AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

District of Maryland

Baltimore Division

| | |
|---|---|
| Digital-Vending Services International, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| The University of Phoenix, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:09-cv-00555

(If the action is pending in another district, state where:

Eastern District of Virginia

### JOINT SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To:  Walden University, LLC
     650 South Exeter Street, Baltimore, MD 21202

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit "A"

| Place:  Esquire Deposition Services 401 East Pratt Street, Suite 425 Baltimore, MD 21202 | Date and Time: 06/14/2010 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/03/2010

*CLERK OF COURT*

OR

_____          s/Lauren Beth Hoffer     s/Laura J. Borst
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      See attached
_____, who issues or requests this subpoena, are:

**EXHIBIT**

**A**

ALL-STATE LEGAL®

The name, address, e-mail and telephone number of the attorneys representing (names of parties): <u>Defendants University of Phoenix, Inc., Apollo Group, Inc., and Capella Education Company,</u> who issue or request this subpoena, are:

Lauren Beth Hoffer
Morgan, Lewis & Bockius LLP
1000 Louisiana
Suite 4000
Houston , TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
lhoffer@morganlewis.com
*Attorney for Defendants The University of*
*Phoenix, Inc., Apollo Group, Inc.*

Laura J. Borst
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2112
Telephone: (612) 321-2800
Facsimile: (612) 321-2288
lborst@fulbright.com
*Attorney for Defendant Capella*
*Education Company*

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  2:09-cv-00555

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### **INSTRUCTIONS**

A.      In producing documents and things, you are requested to furnish all documents or things in your possession, custody, or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or your attorneys, agents, employees, representatives, or investigators, or by any other person or persons acting on your behalf, or their agents, employees, representatives, or investigators.

B.      Produce each document in its entirety, without deletions, redactions, or exclusions, regardless of whether you deem one part outside the scope of the Request for Production.

C.      Should you withhold any document requested by the following Request for Production you shall provide a privilege log that conforms with Federal Rule of Civil Procedure 26(b)(5) and describe such document by specifying the following for each document:

      a.      The date of the withheld document.  If no date appears, state so, and give the approximate date on which the withheld document was prepared.

      b.      The type of document withheld.

      c.      Identify each and every originator and recipient of the withheld document.

      d.      The subject matter of the withheld document.

      e.      The specific privilege under which the document is being withheld.

      f.      The basis for asserting the privilege.

E.      If a document once existed and has subsequently been lost, destroyed, or is otherwise unavailable for production, please state with respect to such documents (i) the last known location of the document; (ii) the last date or time period the document was known to be in existence; (iii) the person who last had control or custody of the document; (iv) the

circumstances under which the document was destroyed or otherwise rendered unavailable for production; (v) whether the document was stored under conditions of controlled access and, if so, the names of all persons having access to the document; (vi) the person who requested or directed the destruction of the document; and (vii) the reasons for the request or direction resulting in the document becoming unavailable for production. Please also identify all persons capable of offering testimony on the subject matter or contents of the document destroyed or otherwise rendered unavailable for production.

      F.     All documents shall be produced as those documents are kept in the usual course of business.

## DEFINITIONS

      A.     The terms "Walden," "You," or "Your," shall mean, and refer to, Walden University, LLC, including, but not limited to, attorneys, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of Walden.

      B.     The term "lawsuit" shall mean and refer to the lawsuit captioned Digital-Vending Services International, LLC v. The University of Phoenix, Inc., et al., 2:09-cv-00555 (E.D. VA).

      C.     The term "patents-in-suit" shall mean, and refer to, U.S. Patent No. 6,170,014, U.S. Patent No. 6,282,573, and U.S. Patent No. 6,606,664.

      D.     The term "'DVSI'" shall mean, and refer to, Digital-Vending Services International, LLC and its attorneys, consultants, employees, agents, representatives, officers, directors, and any person acting on behalf of Digital-Vending Services International, LLC.

      E.     "'Document'" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a).  Drafts and non-identical duplicates are separate documents.

F.    "Communication" refers to and includes any information that is transmitted from one person or entity to another in any form.

G.    The term "relating to" and "related to" should be construed in the broadest sense to mean describing, evidencing, comprising, constituting, concerning, or otherwise discussing in any way, whether directly or indirectly, the subject matter identified in the request.

H.    "Any" includes "all," and vice versa.

I.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All communications with DVSI relating to any settlement agreement or licensing agreement, including negotiations thereof, entered into between Walden and DVSI related to the lawsuit, and all notes reflecting these communications.

### REQUEST FOR PRODUCTION NO. 2:

All contracts, license agreements, or other types of agreements, whether in draft form or final, relating to any settlement agreement entered into between Walden and DVSI related to the lawsuit.

```
┌─────────────────────────┐
│         FILED           │
│                         │
│      JAN 27 2010        │
│                         │
│ CLERK, U.S. DISTRICT COURT │
│       NORFOLK, VA       │
└─────────────────────────┘
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

Digital-Vending Services International, LLC,    )
                                   )    Case No. 2:09-cv-555-JBF-TEM

           Plaintiff,    )
                                   )

    v.    )

The University of Phoenix, Inc., *et al.*,    )

           Defendants.    )

---

### PROTECTIVE ORDER

    Upon motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to information provided in discovery,

    It is hereby ORDERED that the following Protective Order be entered:

    1.    This Protective Order shall apply to materials, information, documents, and things produced or disclosed, whether formally or informally, or submitted to the Court in this action by any party or non-party (the "Designating Party") to any other party (the "Receiving Party"), including, without limitation, testimony at depositions upon oral examination or upon written questions, transcripts of depositions, answers to interrogatories, documents (whether in hard copy or computer readable form) or things produced, information obtained from inspection of premises or things, answers to requests for admission, and any other discovery or disclosure made in this action that is designated in accordance with the procedures set forth herein (all such information shall hereinafter be referred to as "Discovery Material"). This Protective Order shall also apply to all information, documents, and things derived from the Discovery Material,

including, without limitation, copies, summaries, or abstracts. This Protective Order shall be binding on the parties to this action, and their successors, assigns, and employees.

2.     This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

3.     All Discovery Material designated in the course of this litigation as "Confidential" or "Confidential -- Attorney's Eyes Only" as those terms are defined in Paragraph 4, shall be used only for the purpose of preparation and trial of this litigation, and any appeal there from, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

## DEFINITIONS

4.     "Confidential" shall refer to Discovery Material that the Producing Party has treated as confidential in the ordinary course of business, which must not have been disclosed publicly and which the Producing Party believes in good faith must be held confidential to protect business or commercial interests. "Confidential – Attorney's Eyes Only" shall refer to Discovery Material that contains or is of a highly proprietary or competitively sensitive business, financial or technical nature, including but not limited to: (1) technical information such as product design, resource allocation, system configuration or technical information related to the computer networks of the Designating Party; (2) information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); (3) formulae, source code, or other information related to proprietary software of a Designating Party; (4) research and development information; (5) customer lists or user information; (6) sales, cost, pricing, or other

2

financial information; (7) patent license agreements or information that was generated in connection with, or reveals the content of, patent licensing negotiations; (8) plans for strategic business initiatives or marketing plans; (9) service provider or distribution agreements; or (10) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information which the Designating Party would not normally reveal to competitors. Such information shall only be disclosed to Qualified Persons designated according to Paragraph 6 below.

5.    "Confidential" and "Confidential – Attorney's Eyes Only" information shall not include any Discovery Material that the Receiving Party demonstrates:

a.    is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

b.    becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

c.    was in the Receiving Party's lawful possession at the time of disclosure from the Designating Party, as evidenced by a written document; or

d.    the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

6.    With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

a.    Outside counsel of record for the parties to this litigation and employees in those law firms whose functions require access to materials protected by this Order;

b.  Any officer, director, or employee of an party who executes Exhibit A and who is not otherwise prohibited by this Order from seeing such material;

c.  Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

d.  Any independent expert or consultant that is neither employed by nor consulting for either party, independent of their role in this litigation, but is engaged by a party or any attorney described in Paragraph 6(a) solely to assist in this litigation, including the expert or consultant's administrative and clerical personnel, provided that disclosure to each such person shall be made only on the following conditions:

1)  each consultant/expert signs a statement in the form attached hereto as Exhibit A;

2)  each expert expected to be a testifying expert provides to outside counsel of the Designating Party such expert's (i) name, (ii) address, (iii) resume or curriculum vitae, (iv) information on prior employment, affiliations, and consultancies (including any cases in which he or she has testified at trial or by deposition within the preceding four years); and (v) information on current employment, affiliations, and consultancies; each consulting expert who is not a testifying expert provides to outside counsel of the Designating Party items (i), (ii), and (iii) above, in addition to information on current employment, affiliations, and consultancies if such employment, affiliation, or consultancy relates to network-based, content-distribution technology;

4

(a)     Notwithstanding the fact that non-testifying consulting experts will be identified as provided above, such non-testifying consulting experts shall not be subject to being deposed or to other discovery.

3)     there is no objection by a Designating Party in writing served on all parties by facsimile, overnight mail, acknowledged e-mail or in person within five (5) business days of the foregoing disclosures, which writing shall specify the reasons for the objection.  A Designating Party may object to another party's consultant or expert seeing any Confidential Information at all or may object to an opposing party's consultant or expert seeing certain portions of the Confidential Information.  In the case of an objection the parties must confer as soon as reasonably possible to resolve the objection.  If the parties are unable to resolve the objection, the Receiving Party may seek relief from the Court with reasonable notice to the Designating Party. No such outside expert or consultant as to whom timely objection is made shall receive the designated confidential information specifically objected to unless and until all such objections are resolved.  One Designating Party's objection shall not prevent a proposed expert or consultant from viewing another non-objecting Designating Party's materials protected by this Order.

e.     Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person;

f.     Graphics or design services personnel, non-technical jury or trial consulting services, ESI experts or consultants, and photocopy, document imaging, and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this action;

g.     Translation services necessary for translating documents in this case; and

h.     Any other person who the Designating Party agrees in writing may be provided with materials protected by this Order, provided that such person executes person executes Exhibit A hereto before receiving the materials.

7.     With respect to Discovery Material designated as "Confidential – Attorney's Eyes Only," "Qualified Persons" means those (i) those persons falling into categories, a, c, d, e, f, g, and h in Paragraph 6 above.

## DESIGNATION AS "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

8.     The designation as "Confidential" or "Confidential – Attorney's Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Designating Party:

a.     In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Confidential – Attorney's Eyes Only" to each page containing confidential information.

b.     Magnetic or Optical Media Documents: Where documents or information are produced in a magnetic or optical medium (such as a hard drive, CD, or DVD), the documents or information shall be marked with the appropriate designation unless it is impractical to do so, in which case the medium shall be marked.

c.     In the case of depositions ("Transcripts"), by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Attorney's Eyes Only" and is subject to the provision of this Order.  When information is designated on the record as "Confidential" or "Confidential – Attorney's Eyes Only" the court reporter shall, to the extent possible, place such testimony in separately bound volumes of the transcript with a cover page that designates the testimony as either "Confidential" or "Confidential – Attorney's Eyes Only."

6

The main transcript volume shall make note of the pages that have been placed in separately bound confidential volumes. The pages containing "Confidential" or "Confidential – Attorney's Eyes Only" testimony in separately bound volumes shall have the pages numbered as if those pages were in the main volume of the transcript. If a designation is not made on the record during the deposition a designation may be made by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as "Confidential" or "Confidential – Attorney's Eyes Only" thereafter. Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Confidential – Attorney's Eyes Only." All Transcripts shall be treated as "Confidential – Attorney's Eyes Only" for a period of 20 days after the receipt of the Transcript.

        d.      Physical Exhibits: The confidential status of physical exhibits shall be indicated by placing a label on said physical exhibits marked with the appropriate notice.

        e.      Third-Party Materials: Any third party from which materials are sought in connection with this action should be provided with a copy of this Protective Order and notified of the opportunity to designate materials under it.

        1)      If material furnished by a third party is not already designated under this Protective Order, it shall be treated as "Confidential – Attorney's Eyes Only" by each Receiving Party for a period of ten (10) business days from the date of production.

        2)      At any time before the tenth (10th) business day from the date of production, the third party or any party to this litigation may designate third-party material pursuant to this Protective Order. A party who designates third-party material must promptly notify in writing all other parties to this litigation of such designation and must include a copy of

7

the third-party material, properly marked with such notification. Once third-party material has been specifically designated as "Confidential" or "Confidential – Attorney's Eyes Only," the remaining provisions of this Protective Order shall apply.

f.      If third-party material has not been specifically designated as "Confidential" or "Confidential – Attorney's Eyes Only" by the third party, or by a party within the ten-day period, the third-party material will lose its temporary "Confidential – Attorney's Eyes Only" designation and will have no confidentiality designation.

g.      Materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall hereinafter be referred to as Confidential Material.

9.      The parties anticipate producing computer source code. All source code shall be designated as "Confidential – Attorney's Eyes Only" and shall be made available to the Receiving Party in a secure location to be agreed upon by the parties. The computer source code will be viewable within the confines of the secure location, and it must remain within the confines of the secure location – the Receiving Party may not make or have a copy of the source code for review outside of the secure location. A Receiving Party and a Designating Party may, by mutual written agreement, depart from the procedures of this paragraph without seeking leave from the Court.

10.     Other than Court personnel, the recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own highly confidential proprietary information. Confidential Material shall not be copied,

reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based. Court personnel shall maintain such materials under seal as provided in the local rules and procedures of the Eastern District of Virginia.

## PERSONS NOT ENTITLED TO RECEIVE CONFIDENTIAL MATERIAL: PROSECUTION BAR

11.    No attorney, agent, or other person may prepare, prosecute, or assist in the preparation or prosecution of any of their respective client's U.S. or foreign patent applications relating to the subject matter of the patent-in-suit, after receiving or viewing or having disclosed to them the contents of information designated by another party in this case as "Confidential" or "Confidential – Attorney's Eyes Only" information under the terms of this Protective Order. The term "patent applications" as used in the previous sentence includes applications that may be provisional, continuations, continuations-in-part, divisionals, reissues, reexaminations, or any other similar filing that may be subject to examination by the U.S. Patent and Trademark Office or a foreign patent office.

## CHALLENGES TO DESIGNATIONS

12.    At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Confidential – Attorney's Eyes Only," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Designating Party. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded the specified confidential treatment and the reasons supporting the challenging party's claim. After such

9

notice is made, the parties shall confer and in good faith attempt to resolve their differences. If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel. The party seeking a designation as "Confidential" or "Confidential – Attorney's Eyes Only" shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure and to such designation. The party asserting that the information is not confidential because of the reasons listed in Paragraph 5 shall have the burden of making a prima facie showing in support of its position. All Discovery Materials and Transcripts that a party designates as "Confidential" or "Confidential – Attorney's Eyes Only" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

## CONFIDENTIAL INFORMATION DEPOSITIONS

13.    If, during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding Confidential Material, then only persons designated in Paragraph 6 (and the deponent's counsel, in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition. It shall be the obligation of the Designating Party to invoke this provision.

14.    A deponent may be shown during the deposition, and examined about, documents and information designated as "Confidential" or "Confidential – Attorney's Eyes Only" under this Protective Order if, and only if: (i) counsel for the designating party grants his or her assent; or (ii) the deponent already knows the protected information contained therein; or (iii) the deponent is a person designated under paragraph 6 above; or (iv) if a party has included in its

10

notice of deposition notice of its intent to show Confidential material to a person not falling under (ii) or (iii) of this sub-section, including notice of the types of materials that the party intends to show, and the Designating Party does not object within five (5) business days of receipt of such notice. If a timely-written objection is made to the proposed disclosure described in (iv), and the parties are unable to resolve the issue, then the Designating Party shall move for a protective order from the Court, preventing such disclosure. The motion for protective order must be filed at least twenty-four (24) hours before the deposition is scheduled to commence. The objecting party shall have the burden of establishing good cause to support its objection, but no disclosure shall be made until the Court decides the motion or the objection is otherwise resolved. Notwithstanding the foregoing, the Designating Party's "Confidential" or "Confidential –Attorney's Eyes Only" Information may be shown to any 30(b)(6) witness or other employee witness of the Designating Party regardless of whether that witness has previously signed Exhibit A.

15.    A deponent who is not a party or a representative of a party must be furnished a copy of this Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential documents.

**THIRD PARTY CONFIDENTIAL DOCUMENTS**

16.    During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this

11

Protective Order and shall inform the non-party of the contents of this Protective Order and specifically of this paragraph. If the non-party consents to the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order. If the non-party does not consent to disclosure of the confidential document or information under the terms of this Protective Order, the party subject to such contractual or other obligation of confidentiality shall promptly notify the demanding party in the litigation in writing of that non-party's refusal to consent, including an identification of the refusing party. The third party shall be sent a copy of such notice, and the notice to the demanding party and third party shall be sent via e-mail, fax, or overnight mail. The non-party shall then have fifteen (15) court days from the date on which such notice is sent to the demanding party to move the Court for a protective order. If the non-party fails to file a motion for protective order within the prescribed time, the party subject to such contractual or other obligation of confidentiality shall be deemed to be compelled by this Court to produce the materials at issue. This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material.

### FILING UNDER SEAL

17.    All documents of any nature, including briefs, containing information that is Confidential Material, which are filed with the Court, must be filed under seal, until such time as the Court orders or otherwise denies permission to file under seal. Documents filed under seal must comply with the requirements of Local Rule 5 of the Local Rules of Practice for the United States District Court for the Eastern District of Virginia. All such documents should plainly state on the first page "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the case number, case caption, a non-confidential descriptive title of the document, and a statement substantially in the following form:

12

<u>UNDER SEAL</u>

> This envelope contains documents that are subject to a Protective Order
> entered by the Court in this action. This envelope shall neither be opened
> nor the contents revealed except by Order of the Court.

18.     Whenever a party files a document under seal with the Court, that party shall

simultaneously file a motion requesting that the Court enter an order permitting the document to

remain under seal. When such a motion is filed, the following steps must be taken: (i) the Clerk

shall provide public notice by docketing the motion in a way that discloses its nature as a motion

to seal, with a hearing date (if any); (ii) the Clerk shall provide interested persons an opportunity

to submit memoranda in support of or in opposition to the motion; and (iii) the document and

any confidential memoranda shall be treated as sealed pending a ruling on the motion.

19.     The parties agree to follow in an expeditious manner any additional procedures

imposed by the Court, including Local Rule 5 of the Local Rules of Practice for the United States

District Court for the Eastern District of Virginia, as a prerequisite to filing any document under

seal.

## <u>USE OF CONFIDENTIAL MATERIAL AT HEARING OR AT TRIAL</u>

20.     Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence,

and the Local Rules of this Court, documents and other information designated under this

Protective Order may be offered in evidence at trial or at any Court hearing. Any party to this

litigation or third party may move the Court for an order that documents or information

designated Confidential be received *in camera* or under such other conditions as are necessary to

prevent inappropriate disclosure. If such a motion is made, the Court will determine whether the

proffered evidence should be protected under this Protective Order and, if so, what protection, if

any, may be afforded to such information at the hearing or trial.

## SUBPOENA BY THIRD PARTY, OTHER COURTS OR AGENCIES

21.     If a third party, another court, arbitrator, or an administrative agency subpoenas or orders production of documents or information designated for protection under this Protective Order which a party to this litigation has obtained under the terms of this Order, such party shall, within five business days, notify the Designating Party of the pendency of such subpoena or order.

## INADVERTENT PRODUCTION AND DISCLOSURE

22.     A Designating Party that inadvertently produces Discovery Material without designation as "Confidential" or "Confidential – Attorney's Eyes Only" may retroactively so designate the Discovery Material notifying the Receiving Party.  Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Designating Party first realizes that the Discovery Material was produced without a designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" retroactively to the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Designating Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 23 below.

23.     In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take

all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party who designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

24.    A party's inadvertent production of Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client communication privilege or attorney work-product protection that might exist with respect to such Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Discovery Materials produced. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made.    Upon discovery of the inadvertent protection of privileged Discovery Material, the production party should promptly notify all parties that have received such Discovery Material.    Upon notification, the receiving parties shall either promptly return, sequester, or destroy the specified information and any copies it has of the privileged Discovery Material.

### RETURN OF CONFIDENTIAL MATERIAL AFTER TERMINATION

25.    After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties

and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

26. Within thirty (30) days after a final judgment in this proceeding becomes non-appealable, the Plaintiff and its counsel shall return to the Producing Defendant or its counsel all Confidential Material provided by the Producing Defendant and all copies thereof, and the Producing Defendant and its counsel shall return to Plaintiff or its counsel all Confidential Material provided by Plaintiff and all copies thereof. Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Outside Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel's work product.

## OTHER PROCEEDINGS

27. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "Confidential" shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## GENERAL ADVICE AND DISCLOSURE BY COUNSEL

28. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material produced or

16

exchanged; _provided however,_ that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Material produced by another party if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside attorney from advising his or her clients regarding general strategy so long as the attorney does not disclose the contents of any Confidential Material in a manner contrary to the terms of this Protective Order.

## DUTY TO COMPLY WITH PROTECTIVE ORDER

29.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and, upon a judicial finding of good cause, may be held responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

30.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

31.    The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.


So **ORDERED** and **SIGNED** this 26 day of January 2010.


_____  /s/

Tommy E. Miller
United States Magistrate Judge


17

AGREED:

Bernard J. DiMuro, Esq.
Virginia State Bar No. 18784
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 694-4333
Fax: (703) 548-3181

William M. Parrish
Michael P. Adams
David S. Morris
WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, TX 77001
(512) 370-2800
(512) 370-2850 (fax)

Andrew G. DiNovo
Jay D. Ellwanger
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
(512) 539-2630
(512) 539-2627 (fax)

**ATTORNEYS FOR PLAINTIFF**
**DIGITAL-VENDING SERVICES INTERNATIONAL, LLC**

**AGREED:**

*Robert W McFarland*

Robert W. McFarland
McGuireWoods LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966

Winstol D. Carter, Jr.
James A. Glenn
Lauren Beth Hoffer
Morgan, Lewis & Bockius LLP
1000 Louisiana Suite 4000
Houston , TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

David M. Morris
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washintgon, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

**ATTORNEYS FOR DEFENDANTS**
**THE UNIVERSITY OF PHOENIX, INC.**
**AND APOLLO GROUP, INC.**

19

AGREED:

*Robert W McFarland*

Robert W. McFarland
McGUIREWOODS LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3716
Facsimile: (757) 640-3966

Douglas J. Williams
Cynthia A. Bremer
Laura J. Borst
2100 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2112
Telephone: (612) 321-2800
Facsimile: (612) 321-9600

**ATTORNEYS FOR DEFENDANT
CAPELLA EDUCATION COMPANY**

**AGREED:**

_____
Stephen E. Noona
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169

Fay E. Morisseau
Daniel R. Foster
Christopher D. Bright
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, California 92612
Telephone : 949.851.0633
Facsimile: 949.851.9348

Michael S. Nadel
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

**ATTORNEYS FOR DEFENDANT
WALDEN UNIVERSITY, LLC**

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

Digital-Vending Services International, LLC,       )
                                                   )          Case No. 2:09-cv-555-JBF-TEM
                  Plaintiff,                       )
                                                   )
          v.                                       )
                                                   )
The University of Phoenix, Inc., *et al.*,         )
                                                   )
                  Defendants.                      )

I hereby certify that I have read the Protective Order entered in the United States District Court for the Eastern District of Virginia on , _____ 2010, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the Eastern District of Virginia for all purposes relating to the enforcement of the Order.

As soon as practical or at the end of the consulting agreement, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel who provided me with such material, all materials designated as "Confidential" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Material that was provided me.

Dated: _____

_____
Signature

_____
Type or Print Name of Individual

_____
Residence Address

_____
Business Address

_____
Employer

_____
Title/Job Description